UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN KOUTRAKOS

CASE No. 8:08-CV-978-T-27TGW

v.

HOSPITAL CORPORATION
OF AMERICA

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). He seeks a waiver of the filing fee for his complaint, which purportedly alleges that the defendant terminated his employment in violation of Title VII, The Americans with Disabilities Act and The Family Medical Leave Act (Doc. 1). The complaint fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint be dismissed, with leave to file an amended complaint, and consideration of the Motion to Proceed In Forma Pauperis be deferred pending the filing of an amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(I), (ii).

This complaint lacks sufficient facts from which a cognizable action can be inferred. At best, the complaint indicates that the plaintiff was employed by the defendant, and that his employment was involuntarily terminated. Thus, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11TH Cir. 1998), there are no facts upon which it can be inferred that the termination of his employment violated any of the statutes identified in the complaint. Therefore, the plaintiff's complaint fails to state a claim on which relief may be granted and, accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii); Thompson v. Adamson, 2007 WL 2415185 at *1 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law)).

In this circumstance, however, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

DATED: MAY 27, 2008

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).