FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

08 JUN 11 AM 9: 29

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JOHN KOUTRAKOS

CASE No. 8:08-CV-978-T-27TGW

v.

HOSPITAL CORPORATION
OF AMERICA

_____

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Second Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 6). I recommended that consideration of the plaintiff's first application to proceed in forma pauperis be deferred because the original complaint lacked sufficient facts from which a cognizable action could be inferred (Doc. 3). The plaintiff has filed an amended complaint alleging that the defendant unlawfully terminated his employment (Doc. 5). It also fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's amended complaint be dismissed, with leave to file a second amended complaint, and consideration of the Second Application to Proceed In Forma Pauperis (Doc. 6), be deferred pending the filing of a second amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a

statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Although the plaintiff's amended complaint adds factual information, it is unclear which laws the plaintiff claims his termination allegedly contravened. Thus, the affidavit of indigency alleges violations of Title VII, the Americans with Disabilities Act, and the Family Medical Leave Act (Doc. 6), but the amended complaint does not mention the Americans with Disabilities Act, and it only affirmatively states that he was terminated in retaliation for filing an EEOC charge (Doc. 5). Further, the plaintiff's complaint lacks sufficient facts supporting his contention that his termination violated each of these statutes. Thus, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint fails to state a claim on which relief may be granted and, accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii); Thompson v. Adamson, 2007 WL 2415185 at *1 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law)).

The complaint must identify each of the laws the plaintiff claims the defendant has violated, and for each claim, identify in separate numbered paragraphs

the pertinent facts which support the contention that the defendant acted in violation of that law. See Rules 8, 10, F.R.Civ.P.; McNeil v. U.S., 508 U.S. 106 (1993)(pro se litigants must comply with procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

Because the plaintiff is proceeding pro se, in my opinion it is appropriate to give him one more opportunity to file a complaint which corrects these deficiencies. I therefore recommend that the amended complaint (Doc. 5) be dismissed and the Second Motion to Proceed In Forma Pauperis (Doc. 6) be deferred pending an opportunity for the plaintiff to file within thirty days a second amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Thomas G. Wilson

THOMAS G. WILSON
DATED: JUNE 10, 2008        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).